UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GIGI TOKIN,<br><br>                    Plaintiff,<br><br>         v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | Case No. C14-1353-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Gigi Tokin seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications. She contends the ALJ erred by misevaluating the medical opinions of Dr. Brent Oneal and by failing to incorporate Dr. Oneal's opinions in the two-step drug abuse and alcoholism ("DAA") analysis. Dkt. 15. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Ms. Tokin is currently 47 years old, has at least a high school education, and has no relevant history of work. Tr. 26, 48. On March 5, 2011, she applied for benefits, alleging disability as of December 31, 1990. Tr. 20. Her alleged onset date was later amended to March

REPORT AND RECOMMENDATION - 1

5, 2011.  *Id.*  Her applications were denied initially and on reconsideration.  *Id.*  The ALJ conducted a hearing on October 15, 2012, finding Ms. Tokin not disabled.  Tr. 36.

Utilizing the five-step disability evaluation process,[1] the ALJ found Ms. Tokin had not engaged in substantial gainful activity since the alleged onset date; had severe impairments of alcohol dependence, post traumatic stress disorder, depression, and anxiety; and that these impairments did not meet or equal the requirements of a listed impairment.[2]  Tr. 23.  Engaging in the two-step DAA analysis, the ALJ found that, including the effects of DAA, Ms. Tokin had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but that she could only perform simple, routine tasks with no interaction with the public; she could perform work that required occasional interaction with co-workers but not perform teamwork; she could not perform fast-paced or production demand work; she could have less than occasional changes in work tasks; and she could not persist for a forty-hour work week.  Tr. 25.  The ALJ subsequently found that, including the effects of DAA, Ms. Tokin was disabled.  Tr. 27.  Separating out DAA, the ALJ again found Ms. Tokin had the same severe impairments, and that the impairments did not meet or equal the requirements of a listed impairment.  Tr. 27.  Excluding DAA, the ALJ assessed the same RFC, with the exception that she did not find Ms. Tokin had an inability to persist for a forty-hour work week.  Tr. 28.  The ALJ subsequently found that, excluding DAA, there would be a significant number of jobs in the national economy that Ms. Tokin could perform.  Tr. 35.  The ALJ thus found that DAA was a contributing factor material to the determination of disability because Ms. Tokin would not be disabled without DAA.  Tr. 35.  As the Appeals Council denied Ms. Tokin's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-6.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

## DISCUSSION

**A.     The ALJ Erred in Evaluating the Medical Opinions of Dr. Brent Oneal**

Where a treating or examining doctor's opinion is not contradicted by another doctor, the ALJ may reject the opinion only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1988). The Court may set aside the ALJ's decision if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

Ms. Tokin first argues the ALJ erred in rejecting the medical opinions of Dr. Brent Oneal, Ph.D. Dkt. 15 at 5. The ALJ gave "little weight" to Dr. Oneal's opinion that Ms. Tokin had a high degree of mental health symptoms that would likely interfere with her return to work. Tr. 34. As a preliminary matter, the Commissioner argues that an opinion regarding the ultimate question of disability is an opinion reserved for the Commissioner, and thus, the ALJ "was not required to provide a detailed explanation to reject Dr. Oneal's statement." Dkt. 18 at 4. But it is clear that Dr. Oneal's evaluation provided opinions beyond the statement discussed by the ALJ, and Ms. Tokin argues as much. Dkt. 15 at 5-6. Thus, the ALJ either rejected, or disregarded (and thus rejected) Dr. Oneal's other opinions. Accordingly, the Court interprets the ALJ's stated reasons for rejecting Dr. Oneal's opinion as applying to all of Dr. Oneal's opinions.

The ALJ first rejected Dr. Oneal's opinions because she found the doctor relied primarily on Ms. Tokin's symptoms and limitations (including concentration problems, sleep disturbance, pessimism, and feelings of worthlessness), rather than on objective medical evidence or test findings.[3] Tr. 34. Substantial evidence does not support the ALJ's conclusion. As Ms. Tokin

---

[3] The Commissioner mischaracterizes the ALJ's reasoning as discounting the opinion because "it was at odds with the 'objective findings of his examination'" and was "inconsistent with 'the

REPORT AND RECOMMENDATION - 3

correctly notes, Dr. Oneal indicated his opinion was informed by DVR records, clinical interviews, a Mental Status Exam ("MSE"), multiple Wechsler subtests, a Beck Depression Inventory, and a Personality Assessment Inventory ("PAI").  Tr. 758.  Ms. Tokin's MSE revealed she was oriented, alert, attentive and coherent, and had normal flow of conversation, but she "appeared fairly depressed and anxious . . . as evidenced by dysphoric mood, flat affect, and statements that she was nervous." Tr. 759-60.  Dr. Oneal also noted "Ms. Tokin seemed to put forth her best effort on all evaluation tasks." *Id*.  An ALJ does not provide valid reasons for rejecting a physician's opinion "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." *Ryan v. Comm'r, Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

      The Commissioner argues the ALJ properly discounted Dr. Oneal's opinions because an ALJ "'may reject a . . . physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.'" Dkt. 18 at 5.  This conclusion relies on the Commissioner's argument that the ALJ found Dr. Oneal's examination findings were internally inconsistent (and thus based on Ms. Tokin's self-reports); an argument this Court has already rejected.  The Commissioner's argument is thus an improper post hoc rationalization upon which the Court cannot rely to affirm the ALJ.  *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir.2009) (Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking").

---

objective evidence in the record.'" Dkt. 18 at 4, 6 (*quoting* Tr. 34).  In reality, the ALJ discounted the opinion because he found the doctor rejected the objective evidence, including the doctor's own findings, in favor of Ms. Tokin's self-reports. Tr. 34.  But ALJ never stated the opinion was internally inconsistent or that it was inconsistent with the record as bases for rejecting it.

REPORT AND RECOMMENDATION - 4

The ALJ also rejected Dr. Oneal's opinions because he found she had adequate cognitive and academic abilities but opined her ability to work would be affected. Tr. 34. Ms. Tokin challenges the ALJ's finding because the limitations at issue in Dr. Oneal's opinion were unrelated to her cognitive abilities. Dkt. 15 at 8. The Commissioner offers no response. The Court agrees with Ms. Tokin. Dr. Oneal noted a "high degree of mental health symptoms [] would likely interfere with [Ms. Tokin's] return to work." Tr. 763. C*ognitive* functioning is not readily interchangeable with *mental* functioning when discussing functional limitations or the ability to engage in work activity. The ALJ's conclusion is thus not reasonable.

The ALJ also discounted Dr. Oneal's opinion because he found the doctor "did not appear to fully consider the effects of the claimant's alcohol abuse, even though [Ms. Tokin] informed him about her history," and Ms. Tokin's alcohol use "must be considered in determining of she is 'disabled' or not." Tr. 34. The ALJ's conclusion is not supported by substantial evidence. Dr. Oneal noted Ms. Tokin's PAI clinical profile "suggests a person with a history of drinking problems who is quite unhappy and pessimistic," "her depression and alcohol use may be related in a number of different ways; the depression could be driving the alcohol use or it could be a consequence of the disruption associated with her alcohol use," "the respondent reports that drug use may be the source of some problems in her life," Ms. Tokin "indicated a history of severe alcohol abuse/dependence problems, though she said that she has been able to abstain from such abuse for the better part of the past year," and Ms. Tokin "has a history of resorting to alcohol abuse and self-harm during times of great stress." Tr. 761, 763. Dr. Oneal also diagnosed alcohol dependence in partial remission. Tr. 763. Based on these findings, the doctor recommended mental health treatment, psychiatric assessment, community support groups for individuals with substance abuse problems, and DVR. *Id.* The ALJ appears to have

REPORT AND RECOMMENDATION - 5

rejected Dr. Oneal's opinion because it did not conform to the ALJ's, namely, that Ms. Tokin is not disabled. But despite any difference in opinion, it is evident the doctor considered Ms. Tokin's alcohol use. Accordingly, the ALJ failed to provide a valid reason to reject the opinions.

Finally, the ALJ rejected the GAF score in Dr. Oneal's opinion because GAF scores "do not convey information that furthers the functional analysis." Tr. 34. This is legal error. The ALJ's discussion amounts to a determination that, as a matter of course, GAF scores should be ignored. *Id.* The discussion is purely suppositional and is at odds with the Social Security regulations. A GAF score that is assigned by an acceptable medical source is a medical opinion as defined in 20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2), and an ALJ must assess a claimant's residual functional capacity based on all of the relevant evidence in the record, including medical source opinions, 20 C.F.R. §§ 404.1545(a), 416.945(e). As such, the regulations indicate that GAF scores are relevant evidence that should be considered in the five-step evaluation in light of the entire record. Thus, to the extent the ALJ used the GAF score contained in Dr. Oneal's evaluation to discount his opinions, the ALJ erred.

In summary, the ALJ failed to provide clear and convincing reasons for rejecting Dr. Oneal's opinions. On remand, the opinions should be reevaluated, and as necessary, the ALJ shall reevaluate steps two through five of the five-step evaluation process.

**B.    This Case Should be Remanded to Determine if DAA is Material**

Ms. Tokin next argues the ALJ's DAA analysis was erroneous without the benefit of Dr. Oneal's opinions.[4] Dkt. 15 at 10. Specifically, she contends Dr. Oneal's evaluation demonstrated she was "sober at the time of the examination and had been so for some time, and

---

[4] The Court notes that Ms. Tokin does not contend the ALJ erred in failing to engage in the two-step DAA analysis. Rather, the argument is focused purely on the absence of Dr. Oneal's opinion in the ALJ's DAA analysis.

REPORT AND RECOMMENDATION - 6

1  that her mental impairments of depression and anxiety limited her ability to function or sustain

2  work activities." Dkt. 15 at 11.  Consequently, Ms. Tokin asserts she is entitled to a remand for

3  an award of benefits.  Dkt. 15 at 12.

4        When DAA is present, the ALJ must follow a specific analysis to determine whether it is

5  a contributing factor material to the determination of disability.  *See* 20 C.F.R. §§ 404.1535,

6  416.935; *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  Here, when the ALJ first

7  completed the five-step disability analysis without separating out the effects of DAA, he found

8  Ms. Tokin was disabled.  Tr. 26-27.  The ALJ then performed the evaluation process a second

9  time, separating out Ms. Tokin's DAA, and found DAA material to the disability (*i.e.*, Ms. Tokin

10  was not disabled in the absence of DAA).  Tr. 36.  Ms. Tokin contends Dr. Oneal's opinions are

11  "dispositive," Dkt. 15 at 11, meaning that if the opinions had been considered, the ALJ would

12  have found Ms. Tokin's remaining limitations disabling after completing the second DAA

13  evaluation.  *See* 20 C.F.R. §§ 404.1535(b)(2)(ii); 416.935(b)(2)(ii).

14        The Court may remand for an award of benefits where (1) the record has been fully

15  developed and further administrative proceedings would serve no useful purpose; (2) the ALJ

16  has failed to provide legally sufficient reasons for rejecting evidence, whether claimant

17  testimony or medical opinion; and (3) if the improperly discredited evidence were credited as

18  true, the ALJ would be required to find the claimant disabled on remand.  *Garrison v. Colvin*,

19  759 F.3d 995, 1020 (9th Cir. 2014).  The Court cannot merely adopt Ms. Tokin's interpretation

20  that Dr. Oneal's opinion clearly established she "had been sober for a time, long enough to

21  determine that the mental impairments of depression and anxiety were independently interfering

22  with work activities to the point [she] could not sustain work." Dkt. 15 at 8.  Based on Dr.

23  Oneal's findings discussed above, reasonable minds could come to different conclusions, and it

REPORT AND RECOMMENDATION - 7

is the province of the ALJ, and not this Court, to resolve such questions. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court thus declines to conclude that the ALJ would be required to find Ms. Tokin disabled if he credited Dr. Oneal's opinions as true. Accordingly, this case should be remanded for further administrative proceedings. On remand, the ALJ may further develop the record as necessary and engage in the two-step DAA analysis again.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the opinions of Dr. Oneal, further develop the record as necessary, and reevaluate the two-step DAA analysis.

A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **March 9, 2015**. If no objections are filed, the matter will be ready for the Court's consideration on **March 10, 2015**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 23rd day of February, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8